## JAMES McDONALD, PETITIONER, v. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 6140.   Promulgated February 18, 1927.

Petitioner *held* not subject to tax on annuities received under a will where the courts in construing the will direct that such annuities shall be a charge against the *corpus* of the estate.

*Ferdinand Tannenbaum, Esq.*, for the petitioner.
*Ellis W. Manning, Esq.*, for the respondent.

This is a proceeding for the redetermination of deficiencies in income tax for the calendar years 1918 and 1919 in the respective amounts of $197.06 and $239.21, a total of $436.27. The question for decision is whether the amounts received by the petitioner in the taxable years under the will of his father are subject to tax.

### FINDINGS OF FACT.

The petitioner is an individual residing at Hailey, Idaho.

His father, James McDonald, died January 13, 1915, a resident of the District of Columbia, leaving a will executed on June 26,

1913, in London, England, and a codicil thereto executed on April 13, 1914, in New York City.

By the terms of the will and the codicil the petitioner was to receive an annuity of $15,000 until he reached the age of 26 years, when it was to be increased to $18,000 until he reached the age of 30 years, and thereafter he was to receive $20,000 during his life or until the estate was divided. He was also to receive an additional annuity for each child living at the time of the death of the testator. The estate was to be divided upon the oldest surviving child of the petitioner reaching the age of 30 years, at which time the petitioner was to receive one-half of the estate.

Subsequent to the execution of the will two children were born to the petitioner and his wife.

In accordance with the terms of the will the executors of the estate of the testator paid to the petitioner the sum of approximately $25,000 in 1918 and approximately the same amount in 1919. These payments were made from the income of the estate.

The executors of the estate had not been discharged during either of the years 1918 or 1919.

A suit by the petitioner to have the will declared void as being in violation of the rule against perpetuities was instituted in the Supreme Court of the District of Columbia, and, upon dismissal in that court, it was appealed to the Court of Appeals. On May 3, 1926, the Court of Appeals entered a decree in the case (*McDonald* v. *Maxwell*, 12 Fed. (2d) 822), as follows:

(1) That upon the death of the testator, James McDonald, the appellant, James McDonald, Jr., took a present vested interest in the undivided one-half of the testator's estate after the payment of debts, specific legacies, annuities, and costs of administration, the corpus thereof to be paid to said James by the executors under the will when his oldest child living at the testator's death shall reach the age of 30 years.

(2) That pending the payment to said James of the principal of his one-half interest in said estate he is entitled to receive, and the said executors and trustees shall pay to him, in addition to the annuity provided for him by the codicil of said will, the cash income upon the said one-half interest accrued thereon to this date and the future cash income thereon from time to time as the same shall accrue hereafter.

(3) That upon the death of the testator, James McDonald, the infant defendants and appellees, James McDonald, 3d, and Robert Alexander McDonald, took a present vested interest in the remaining one-half of the estate of said testator after the payment of debts, specific legacies, annuities, and costs of administration, the same to be divided between them, share and share alike, such division and distribution to be made when the oldest of said children shall reach the age of 30 years, and otherwise provided by the terms of the will.

The decree also remanded the case to the lower court, which subsequently entered a decree embodying that part of the decision

of the Court of Appeals set forth above and directing, so far as here material, as follows:

III. That said executors and trustees be and they are hereby authorized and directed to restate their tentative First Account as Trustees filed by them October 16, 1925, and to charge to the corpus of the estate all debts, specific legacies, annuities, commissions, counsel fees and other costs of administration which may have been deducted from the income (excepting commissions heretofore allowed upon income) and to show in said account the net principal of the estate to be retained by them as trustees, and the net cash income therefrom, one-half of which net income shall be paid over and distributed to the plaintiff, James McDonald, Jr., upon executing and delivering to said executors and trustees the usual refunding bond to save them harmless.

OPINION.

ARUNDELL: The Supreme Court of the District of Columbia by its decree, pursuant to the decree of the Court of Appeals, has directed the fiduciaries " to charge to the corpus of the estate all * * * annuities * * *." We do not have the restated account of the fiduciaries before us, but it must be assumed that it will be rendered in accordance with the terms of the decree. The annuities paid the petitioner thus become charges against the *corpus* of the estate, and, under section 213(b)(3) of the Revenue Act of 1918, are not taxable.

The petitioner in his brief argues at some length as to the taxability of income accumulated by the estate during administration. It does not appear from the pleadings or from the record that the Commissioner has found any deficiency against the petitioner on account of income of the estate, except the annuities paid in 1918 and 1919 which we have found to be charges against the *corpus* of the estate. No issue being raised by the pleadings as to the liability of the petitioner for taxes upon income accumulated by the estate, no question with respect thereto is before us for decision.

*Judgment will be entered for the petitioner.*